CLARENCE A. LUCKEY AND JUANITA F. LUCKEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93667.    Filed October 3, 1963.

*Robert E. Tout*, for the petitioners.
*Claude R. Wilson*, for the respondent.

4

6

8

### OPINION

TURNER, *Judge:* By section 761(a) of the Internal Revenue Code of 1954, the term "partnership" is defined as including "A syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation or a trust or estate." By subsection (b) of section 761, a partner is defined as meaning a member of the partnership. By section 735(a)(2) of the Code, it is provided that "Gain or loss on the sale or exchange by a distributee partner of inventory items * * * distributed by a partnership shall, if sold or exchanged within 5 years from the date of the distribution, be considered gain

or loss from the sale or exchange of property other than a capital asset."

The facts show that the purchase of the acreage on Lake Tahoe and its improvement and development into Skyland Subdivision was the joint venture or enterprise of the seven individuals who joined together therein and that such purchase and development was the conduct of business by the syndicate of the seven individuals. We have so found. The venture and its operations are within the definition of partnership in section 761(a) of the Code. The lots of the Skyland Subdivision were inventory items of the venture within the meaning of the statute, and petitioner so concedes. The lots sold by petitioner in the taxable years 1958 and 1959 were such inventory items which had been distributed to him on June 3, 1958. They were sold by him in less than 2 years from the date of their distribution. The gain realized is accordingly gain from the sale of property other than a capital asset.

In their petition, the petitioners alleged that the respondent erred in his determination of the basis of the lots sold, for the purpose of arriving at the gain realized by them on the sale of the lots.

The facts show that petitioner made an initial payment of $45,000 to the venture for a one-tenth interest; that similar payments of $45,000 were made for the other nine interests; and that of the $450,000 so paid in, $379,813.33 was paid for 87 acres of land bordering on Lake Tahoe. For the purposes of development, the acreage was divided into three units and the remainder of the $450,000 after payment for the land, plus $1,440 from each of the 10 interests, was expended in the development of unit 1 and for overhead, the petitioner's total payment at that point being $46,440. The facts further show that when the deeds for the seven unit 1 lots distributed to petitioner were received, he allocated the entire $46,440 which had been paid in by him up to that point as the cost of the unit 1 lots so received, leaving no amount as the basis for his interest in the remainder of the land which had been in part paid for by his initial payment of $45,000.

The respondent in his determination of the deficiencies for the taxable years has determined that only 75 percent of the cost of the entire 87 acres of land should be allocated to the unit 1 lots, and has determined the cost basis of the individual lots in that manner.

The petitioner has offered no evidence to indicate or demonstrate that respondent's allocation of petitioner's payments to the individual lots is unrealistic, or in error, but merely argues, on brief, that on the facts the petitioner's allocation was correct. The argument is neither persuasive nor convincing, and the respondent's determination is sustained.

*Decision will be entered for the respondent.*